IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| JASON R. GUTIERREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25-cv-00290-KRS-JHR |
| | ) | |
| JOHN DOE and AIRGAS USA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [23]**

Currently before the Court is Plaintiff's Motion For Leave To File First Amended Complaint. (Doc. 23). For the reasons set forth below, the Motion is granted.

**Background**

This is a personal injury case stemming from a worksite incident that occurred on March 10, 2022, wherein Plaintiff alleges he was injured while assisting an employee of Defendant Airgas USA, LLC ("Airgas") in removing and replacing gas cylinder bottles from the rear of a truck. Plaintiff filed the present motion requesting leave to amend the complaint to incorporate newly discovered information about the identity of the Airgas employee who Plaintiff alleges he was assisting when the accident occurred, and to replace the previously named "John Doe" Defendant with the name of that individual. Airgas opposes the motion on futility grounds, arguing that Plaintiff's claims against the employee in question are barred by New Mexico's three-year statute of limitations applicable to personal injury claims. *See* NMSA § 37-1-8. The three-year limitations period ran on March 10, 2025. And although the complaint was filed in state court on January 8, 2025, before the limitations period expired, Airgas argues that the newly asserted claims against the employee would not relate back to the original date of filing. Plaintiff must satisfy the

requirements of FED. R. CIV. P. 15(c) in order for his newly asserted claims to relate back and thereby avoid the statute of limitations bar. And, according to Airgas, Plaintiff cannot show that the requirements of Rule 15(c) are met, largely because the Tenth Circuit held in *Garrett v. Fleming*, 362 F. 3d. 692, 696 (10th Cir. 2004), that a lack of knowledge regarding the identity of a defendant is not a "mistake" within the meaning of Rule 15(c)(1)(C)(ii).[1] Plaintiff, on the other hand, argues that Airgas concealed the employee's identity from Plaintiff, which prevented Plaintiff from naming the employee as a defendant earlier, and therefore that the facts of this case fall within recognized exceptions to the rule stated in *Garrett* such that relation-back should be permitted.

## Discussion

Federal Rule of Civil Procedure 15(a) provides that, where the automatic right to amend has expired (Rule 15(a)(1)), "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). However, "[t]he court should freely give

---

[1] Rule 15(c) provides as follows:

(c) RELATION BACK OF AMENDMENTS.

(1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c).

leave when justice so requires." *Id.* In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Frank v. U.S. W., Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993). "The grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182.

The sole argument Airgas makes for denying the motion to amend is the asserted futility of the amendment.[2] Without deciding whether relation-back under Rule 15(c)(1) applies here, the Court concludes that the current Motion is not the proper vehicle for raising that issue. *See Ashcroft v. Dept. of Corrections*, No. 05CV488, 2007 WL 1989265, at *7 (W.D.N.Y. July 6, 2007) (stating that objections to a motion for leave to amend by defendants already in the case was not the appropriate point for challenging whether the plaintiff stated a claim against new defendants). The Court reaches this conclusion for two reasons.

First, the Court is concerned that Airgas, as a current defendant, may not have standing to raise the futility issue. "[C]urrent parties only possess standing to challenge an amended pleading directed to proposed new parties on the basis of undue delay and/or prejudice." *Snellink v. Univ. Travel Grp., Inc.*, Civil Action No. 11-2164 (KM) 2015 WL 12818829, at *6 (D.N.J. Nov. 4, 2015)

---

[2] Plaintiff filed the motion to amend before the deadline for amendments in the Scheduling Order had expired, so there is no basis for arguing undue delay, nor any need to apply the good cause standard for amending scheduling orders. *See Seale v. Peacock,* 32 F.4th 1011, 1030 (10th Cir. 2022) (explaining that "[a]fter a scheduling order deadline for amending the pleadings has passed, … a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard" (internal quotation marks and citations omitted)).

3

(quoting *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, Civil No. 13-5592 (NLH/AMD), 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014) ("current parties unaffected by [the] proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants" (internal quotation marks and citation omitted))). In *Garcia v. Board of County Commissioners of the County of Bernalillo*, Case No. 09-cv-322 BB/WDS, 2011 WL 13285451 (D.N.M. June 14, 2011), the court found that the existing defendants had standing to challenge the plaintiffs' motion to amend because they had sufficiently alleged that granting the motion would "result in prejudice to them, by potentially exposing them to additional discovery, potential delay of the trial, additional motions, and other litigation costs." *Id.* at *3 n.4. Here, however, Airgas does not argue it would be prejudiced by allowing the amendment. Thus, the relation-back issue is more properly raised by the individual employee. *See, e.g., Abraham v. Hampton Inn Corp.*, Case No. 18-2137-DDC, 2018 WL 2926582, at *2 & n.17 (D. Kan. June 7, 2018) ("HWI as a current defendant doesn't 'have standing to assert claims of futility on behalf of proposed defendants.'" (quoting *Coleman v. Apple Eight Hosp. Mgmt., Inc.*, Case No. 16-1343-JTM, 2017 WL 1836974, at *3 (D. Kan. May 8, 2017)); *Silva v. Ekis*, No. 15-3007-CM, 2017 WL 5465531, at *1 (D. Kan. Nov. 14, 2017) ("Because defendant lacks standing to assert a futility argument on behalf of the proposed defendants, the court cannot bar the proposed amended pleading on this basis.").

The new defendant will be free to raise the statute of limitations issue on his own behalf. But he may do so only *after* the amendment is allowed and he is brought into the case as a defendant. *See, e.g., DirectBuy, Inc. v. Buy Direct, LLC, No*. 2:15-CV-344-JPK, 2022 WL 683651, at *5 & n.7 (N.D. Ind. Mar. 8, 2022) ("New DirectBuy's nonparty status raises questions about its standing to contest the Motion to Amend. … Courts have held that the most efficient and procedurally proper way to proceed in these circumstances is to strike the nonparty's opposition

to the motion to amend for lack of standing and grant the motion to amend as unopposed." (citing cases)); *see also Abraham*, 2018 WL 2926582, at *2 & n.16; *Custom Pak Brokerage, LLC*, 2014 WL 988829, at *2.

Second, even considering the merits of Airgas's relation-back arguments, the Court is disinclined to deny the amendment on that basis. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir.1999); *see also Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (for the futility analysis, courts consider the same standard that governs motions to dismiss for failure to state a claim upon which relief may be granted). But a futility finding is usually reserved for situations in which the proposed amendment "*clearly* is frivolous, advancing a claim or defense that is legally insufficient on its face …. If a proposed amendment is not clearly futile, then denial of leave to amend is *improper*." 6 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed. 2024) (emphasis added) (quoted and cited approvingly in *Seale*, 32 F.4th at 1029); *see also McDowell v. United States,* Case No. EDCV 19-631 JGB (SPx), 2019 WL 8750360, at *3 (C.D. Cal. Dec. 11, 2019) ("failure-to-state-a-claim arguments are not typically addressed on motions for leave to amend" (citing *Netbula, LLC v. Distinct Corp.,* 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on [futility] ground[s] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."))).

"Courts should exercise caution … in labeling a claim 'futile.' … [E]ven when the possibility of relief is remote, amendment must be permitted because it is the possibility of recovery, not its likelihood, that guides the court's analysis." *Gallegos v. Brandeis School*, 189

F.R.D. 256, 258-59 (E.D.N.Y. 1999). Indeed, here, the statute of limitations argument raises an affirmative defense that typically cannot be decided on the pleadings. *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) ("[O]n occasion it is proper to dismiss a claim on the pleadings based on an affirmative defense. But that is only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements."). Nevertheless, the newly named defendant will be free to file a Rule 12(b)(6) motion to dismiss if appropriate once Plaintiff files the amended complaint. *See McDowell*, 2019 WL 8750360, at *3. Quite possibly, however, the Rule 25(c)(1) relation-back issue, as well as other potential arguments against application of the statute of limitation hinted at in the briefing on the Motion (e.g., equitable estoppel, equitable tolling), involve disputed facts and cannot be resolved until the summary judgment stage of the proceedings. *See, e.g., Horrell v. Cherokee Cnty. Governmental Bldg. Auth.*, No. 21-CV-96-JFH-GLJ, 2024 WL 4346715, at *1 (E.D. Okla. Sept. 30, 2024) (concurring with the magistrate judge's observation that, although "[i]t may be unlikely Plaintiff will be able to provide sufficient evidence" to support an argument for relation-back under Rule 15(c)(1), the defendants' motions to dismiss "should still be denied because 'the law is clear that relation back issues are better resolved at the summary judgment stage'").

      As the district court pointed out in *Horrell*, "[i]n *Krupski, [v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010),] the Supreme Court emphasized that focus of the relation back inquiry should be on the evidentiary record and what the party to be added knew or should have known." 2024 WL 4346715, at *2 (internal quotation marks and citations omitted). Like Airgas's arguments here, the relation-back arguments of the defendants in *Horrell* were "largely based on the Tenth Circuit's pre-*Krupski* holding in *Garrett* [*v. Fleming*, 362 F.3d at 696] …. under a previous version of Rule 15 that a plaintiff's lack of knowledge of the intended defendant's identity is not a mistake

concerning the identity of proper party for the purposes of relation back," while the plaintiff "argue[d] that *Krupski* abrogates *Garrett*." *Id.* The court observed that "the Tenth Circuit has not spoken on this issue," and, "[f]urthermore, ….many district courts continue to apply the rule in *Garrett* to doe defendants and several other circuit courts have stated that it is not abrogated by *Krupski*. Nevertheless, based on the Supreme Court's emphasis on the importance of what the defendant knew or should not have known, we agree that the issue of relation back is better answered at the summary judgment stage upon the development of a factual record." *Id.*[3]

"A futility objection should not turn into a mini-trial or summary judgment proceeding, without the safeguards normally present for maturation and merits-based resolution of claims." *ClearOne Commc'ns, Inc. v. Chiang*, No. 2:07cv00037TC, 2007 WL 2572380, at *1 (D. Utah Sept.5, 2007). It is still relatively early in these proceedings, and, as noted, Airgas does not assert or explain how it would suffer any prejudice if Plaintiff is allowed to file an amended complaint. According to the Tenth Circuit, the "most important" factor in determining whether to grant a motion to amend the pleadings "is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207-08 (10th Cir. 2006). While Plaintiff's newly asserted claims may eventually fail, "given the very liberal pleading standard under rule 15(a) and the procedural posture of this case, as well as the fact that Defendant has not alleged prejudice in

---

[3] *See also Consumers Petroleum Co. v. Texaco, Inc.,* 804 F.2d 907 (6th Cir. 1986) (failure to allow amendment to complaint held improper "when it was not clear that the [the plaintiff] could not have developed facts to support its [new claim]"); *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812 (M.D. Fla. 1995) (motion to amend would not be denied on the ground of futility where the amendment was "not frivolous or clearly insufficient on its face" and determining sufficiency of the claim would "require[ ] a complex factual inquiry"); S*palding v. Reliance Standard Life Ins. Co.,* 835 F. Supp. 23 (D. Mass. 1993) (court would not deny amendment on basis of futility where it "could not unequivocally find that plaintiff could prove no set of facts entitling her to relief under ERISA"); *PIC, Inc. v. Prescon Corp.,* 77 F.R.D. 678, 680 (D. Del. 1977) (when an antitrust amendment to a counterclaim in a patent-infringement action was proposed early in the litigation and presented a complex claim not palpably insufficient without close consideration, it would be inappropriate to deny leave to amend the counterclaim on the ground that the amendment was legally insufficient).

7

allowing the amendment, this court is persuaded that Plaintiff ought to be allowed to amend [his] complaint." *Prop. Sols. Int'l, Inc. v. Yardi Sys., Inc.,* Case No. 2:15cv102, 2016 WL 1411357, at *2 (D. Utah Apr. 8, 2016).

## Conclusion

**ACCORDINGLY**, Plaintiff's Motion For Leave To File First Amended Complaint (**Doc. 23**) is **GRANTED**. Plaintiff shall file his amended complaint within **ten (10)** days of the date of this order.

IT IS SO ORDERED this 19th day of September, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE